STEVEN ROBERTS, Plaintiff, *v.* ROBERT J. HEILGEIST, Defendant and Third-Party Plaintiff-Appellee—(Alan H. Durkee *et al.*, Third-Party Defendants; Behanna and Pasquesi, P.C., Third-Party Defendant-Appellant).

Second District No. 2—83—984

Opinion filed June 20, 1984.—Rehearing denied July 20, 1984.

George W. Spellmire, Thomas P. McGarry, and Stephen R. Swofford, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellant.

Robert M. Bollman, of Diver, Bollman, Grach & Quade, of Waukegan, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

This interlocutory appeal is brought by third-party defendant, Behanna and Pasquesi, P.C. (B & P), pursuant to this court's granting B

& P leave to appeal under Supreme Court Rule 308 (87 Ill. 2d R. 308). On appeal, B & P seeks reversal of the trial court's order denying its motion to dismiss count III of the amended third-party complaint filed by third-party plaintiff, Robert Heilgeist (Heilgeist). In count III of this complaint, Heilgeist seeks contribution from B & P, in the event he is held liable for legal malpractice to plaintiff, Steven Roberts (Roberts). B & P is a law firm, which currently represents Roberts in his malpractice action against Heilgeist. Heilgeist previously represented Roberts, who was the plaintiff in a personal injury action.

The following questions have been certified for review in this interlocutory appeal:

1. Whether an attorney breaches any legal duty to his client by not filing a lawsuit which is barred by the applicable statute of limitations, where the statutory period had already expired at the time that the attorney was retained.

2. Whether a defendant attorney who is sued in a legal malpractice action based on his former representation of the plaintiff may file a third-party action for contribution against the plaintiff's present attorneys.

3. Whether public policy prohibits such a third-party action.

On January 27, 1982, Roberts filed a legal malpractice action against Heilgeist alleging that he retained Heilgeist to represent him in a personal injury case and that Heilgeist negligently allowed the statute of limitations to run without filing a suit against Alan and Robert Durkee. Roberts was a passenger in a car driven by Alan Durkee and owned by Robert Durkee at the time it collided with a vehicle owned and operated by Abacue Escobar on August 8, 1978.

On February 25, 1982, Heilgeist filed a third-party complaint against the Durkees seeking indemnification and contribution. On February 3, 1983, Heilgeist filed an amended third-party complaint adding count III against B & P. This count alleged that B & P substituted its appearance for Heilgeist's on Roberts' behalf on May 4, 1981; that B & P "proved-up the case before a jury on September 13, 1982, as to Abacue Escobar, defendant, only"; that as of that date the Durkees had failed to appear (after six months) in the third-party action brought by Heilgeist and were in default in that case; that B & P knew of this failure to appear; that B & P is charged with knowledge that the statute of limitations is "not a bar to the bringing of an action for personal injuries but an affirmative matter to be either waived or pleaded by a tortfeasor;" that B & P was negligent in failing to file suit against the Durkees (even though the statute of limitations had run) and in failing to take steps to locate Escobar and exe-

cute the judgment against him; that this negligence damaged Roberts "in that he does not have any money recovery from a tortfeasor ***"; and that Heilgeist is therefore entitled to contribution from B & P under "An act in relation to contribution among joint tortfeasors" (Contribution Act) (Ill. Rev. Stat. 1983, ch. 70, par. 302) for any recovery Roberts obtains against Heilgeist.

On May 6, 1983, B & P filed an amended motion to dismiss count III for failure of Heilgeist to state a cause of action. B & P contended that it had no duty to file a lawsuit that is barred by the statute of limitations; that it had no duty of care to Heilgeist, a nonclient; and that public policy prohibits a third-party action for contribution by a plaintiff's former attorney against his current attorney, because it denies the plaintiff the right to counsel of his choice. The trial court denied this motion, and certified the above questions for review.

Heilgeist advances two theories under which he believes he is entitled to contribution from B & P. He maintains B & P was negligent in failing to sue the Durkees. He contends that since they may not have raised the statute of limitations as a defense, B & P's failure to bring suit against them was negligent and contributed to Roberts' failure to obtain recovery from them. He also claims that B & P negligently failed to collect the judgment it obtained for Roberts against Escobar. Heilgeist maintains that this negligent failure to collect the judgment contributed to Roberts' failure to obtain recovery from any tortfeasor. Heilgeist argues these two negligent acts on B & P's part entitle him to bring this action for contribution.

■ The first question we address is whether an attorney has a duty to bring a suit that has been time barred. Third-party liability in contribution can only exist where the party from whom contribution is sought would be liable to the original plaintiff. (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935.) Thus, if B & P had no duty to Roberts to bring suit against the Durkees after the statute of limitations had run, then Heilgeist would not be entitled to contribution from B & P for its failure to bring such a suit. No Illinois case appears to have addressed the question whether a plaintiff, or his attorney, must bring a time-barred suit on the chance that the statute of limitations would not be raised as a defense.

■ "[A] cause of action for legal malpractice arises at the time of the negligent act." (*Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 459, 304 N.E.2d 677.) In a case where the negligent attorney has allowed a claim to become time barred, the time of the negligent act is the time the client's cause of action became barred. (15 Ill. App. 3d 455, 459, 304 N.E.2d 677.) Other jurisdictions have

held that a legal malpractice plaintiff need not first sue the tortfeasor, and have the tortfeasor raise the statute of limitations, before suing his attorney for malpractice based on the attorney's allowing the statute to run. (*King v. Jones* (1971), 258 Ore. 468, 472-73, 483 P.2d 815, 818; *Walker v. Porter* (1974), 44 Cal. App. 3d 174, 177, 118 Cal. Rptr. 468, 470; *Fuschetti v. Bierman* (1974), 128 N.J. Super. 290, 294-96, 319 A.2d 781, 783-84; *Hege v. Worthington, Park & Worthington* (1962), 209 Cal. App. 2d 670, 676-77, 26 Cal. Rptr. 132, 135.) The Oregon Supreme Court stated, in *King v. Jones,* that the argument that the tortfeasor might not raise the statute of limitations "is too speculative and unrealistic for serious consideration." (*King v. Jones* (1971), 258 Ore. 468, 473, 483 P.2d 815, 818.) We agree. Requiring a plaintiff to sue the tortfeasor first, to determine if the statute of limitations defense would be raised, would impose a useless burden on a plaintiff. In essence, it would require a plaintiff to bring suit in the hope that the tortfeasor, or his attorney, would be negligent in failing to raise the statute of limitations defense. We discern no useful purpose in requiring such extra, and almost certainly fruitless, litigation.

██ Since we hold that a plaintiff need not bring suit against the tortfeasor, where the statute of limitations has run as to the tortfeasor, prior to bringing suit against his former attorney for allowing the statute of limitations to run, we likewise hold that plaintiff's attorney would normally have no duty to his client to bring such a suit. B & P under the pleadings here has no duty to Roberts to bring suit against the Durkees, cannot be liable to Roberts for not filing suit against the Durkees and, therefore, is not liable to Heilgeist for contribution arising from a failure to sue the Durkees. (See *Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 459 N.E.2d 935.) The fact, as alleged by Heilgeist, that the Durkees failed to answer his third-party complaint against them, is an insufficient factual basis to show that they would not raise the statute of limitations in a suit brought against them by Roberts. Under the facts alleged, B & P had no duty to bring suit against the Durkees.

The next question we address is whether Heilgeist could seek contribution from B & P on the alternate basis of B & P's failure to collect the judgment obtained against Escobar.

██ The Contribution Act provides for a right of contribution "*** where 2 or more persons are subject to liability in tort arising out of the same injury ***." (Ill. Rev. Stat. 1981, ch. 70, par. 302.) Heilgeist, therefore, may obtain contribution from B & P if he shows that Roberts suffered a common injury, which Heilgeist's acts and those of B & P combined to bring about, and for which each is subject

to liability in tort. (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935.) If Heilgeist were to make such a showing, then B & P could be held to contribute its *"pro rata* share of the common liability as measured by the extent to which [its] acts or omissions, whatever their nature, proximately caused the injury." (99 Ill. 2d 344, 349, 459 N.E.2d 935.) Contribution is allowed "where co-tortfeasors are concurrent [citations] or successive [citation] as long as the same injury is involved." (*Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 918, 444 N.E.2d 504.) Thus, Heilgeist would be entitled to contribution only if the injury caused by his negligence were the same injury as that caused by B & P's negligence.

■ Heilgeist contends that the common injury is Roberts' failure to obtain any recovery arising from the automobile accident in which he was involved. However, Heilgeist's liability arises, not from the accident, but from the injury he caused Roberts by failing to bring suit against the Durkees within the statute of limitations. This injury is the loss of the cause of action against the Durkees due to the time bar. (See *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 459, 304 N.E.2d 677.) The injury allegedly caused by B & P is the subsequent failure to collect a judgment against Escobar. Thus, the damage Heilgeist caused was the loss of a cause of action against separate tortfeasors, the Durkees, while the alleged injury caused by B & P related to a different cause of action against another tortfeasor, Escobar. Therefore, the respective liabilities of Heilgeist and B & P do not arise from the same injury. Since a common injury is required for contribution (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935), Heilgeist is not entitled to contribution on this basis.

■ The third question certified by the trial court is whether public policy considerations prevent a malpractice plaintiff's former attorney, who is the defendant in the malpractice action, from seeking contribution in that action from the plaintiff's current attorney. Since we have decided that B & P is not liable to Heilgeist for the reasons stated above, we note only that there is substantial merit to the rationale of other courts that have considered this question and have held that because of the potential for conflicts of interest and because of the possible impingement on the undivided loyalty owed to the client, suits by a former lawyer against a current or succeeding lawyer contravene public policy. *Hughes v. Housely* (Utah 1979), 599 P.2d 1250, 1254; *Held v. Arant* (1977), 67 Cal. App. 3d 748, 752, 134 Cal. Rptr. 422, 424; see also R. Mallen & V. Levit, Legal Malpractice sec. 82 (2d ed. 1981).

For the foregoing reasons the order of the circuit court of Lake County denying B & P's motion to dismiss is reversed and the cause remanded with directions to dismiss count III of Heilgeist's third-party complaint with prejudice.

Reversed and remanded with directions.

HOPF and NASH, JJ., concur.