CASIMIR JODELIS, a/k/a Kazys Jodelis, a/k/a Casimir Juodelis, Plaintiff, v. ROBERT HARRIS, Defendant and Third-Party Plaintiff-Appellant (West Lawn Memorial Amvet's Post 192, Third-Party Defendant-Appellee).

First District (3rd Division)   No. 84—1994

Opinion filed November 13, 1985.

Rock, Fusco, Reynolds & Heneghan, P.C., of Chicago (William Paul Jones, of counsel), for appellant.

John Fako, Jr., and Gerald M. Chapman, both of Chicago (Joseph Samuels, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Defendant and third-party plaintiff, Robert Harris, appeals from the dismissal of his third-party complaint against West Lawn Memorial Amvet's Post 192 (Amvets). Harris' third-party complaint alleges that on July 19, 1978, third-party defendant Amvets owned and operated a tavern located at 4518 West 63rd Street in Chicago where plaintiff Casimir Jodelis consumed alcoholic beverages which caused his intoxication. He left the tavern and attempted to cross 63rd Street without crosswalk. Plaintiff suffered personal injuries when he was struck by Harris' car, which was proceeding west on 63rd Street. Plaintiff sued Harris, who in turn filed a third-party complaint against Amvets pursuant to the Illinois Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 135, and the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1979, ch. 70, pars. 301 through 305) seeking contribution. Amvets filed a motion to dismiss the third-party complaint which was granted on June 12, 1984. Harris' subsequent motion to reconsider and vacate the dismissal was denied and Harris appeals. The issue presented for review is whether third-party recovery for contribution is available under the Dramshop Act where the plaintiff in the original action is the alleged intoxicated dramshop patron.

■■ The law is settled in Illinois that liability in contribution can be imposed against a dramshop in a third-party action notwithstanding that the third-party plaintiff could not recover from the dramshop for his own injuries. (*Monsen v. DeGroot* (1985), 130 Ill. App. 3d 735, 475 N.E.2d 5; *Morgan v. Kirk Bros., Inc.* (1982), 111 Ill. App. 3d 914, 444 N.E.2d 504.) The Contribution Act provides in relevant part:

> "[W]here 2 or more persons are subject to liability in tort arising out of the same injury to person or property, *** there is a right of contribution among them ***. (Ill. Rev. Stat. 1979, ch. 70, par. 302(a).)

Our supreme court has interpreted the phrase "subject to liability in tort" as focusing on the culpability of the parties rather than on the legal means by which a plaintiff is ultimately able to make each defendant compensate him for his loss. (*Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382.) A claimant seeking contribution need only show a common injury which his acts and those of a contributor com-

bined to bring about and which makes them subject to liability in tort. (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 459 N.E.2d 935.) This court has cited *Heinrich* as authority for the proposition that third-party liability in contribution can only exist where the party from whom contribution is sought would be liable to the original plaintiff. *Roberts v. Heilgeist* (1984), 124 Ill. App. 3d 1082, 465 N.E.2d 658.

■ The liability imposed on a tavern owner and the nature of the damage recoverable is of statutory origin and is expressly and exclusively derived from the Dramshop Act. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153; *Howlett v. Doglio* (1949), 402 Ill. 311, 83 N.E.2d 708; *Ruth v. Benvenutti* (1983), 114 Ill. App. 3d 404, 449 N.E.2d 209.) The Dramshop Act is restricted in its application to situations where a third party suffers damages as a result of actions of an intoxicated person. (*Gora v. 7—11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279.) A tavern patron having voluntarily become intoxicated has no cause of action under the Dramshop Act against a tavern owner or operator for injuries suffered as a result of his intoxication. *Monsen v. DeGroot* (1985), 130 Ill. App. 3d 735, 475 N.E.2d 5; *Gora v. 7—11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279; *Holmes v. Rolando* (1943), 320 Ill. App. 475, 51 N.E.2d 786.

■ Since the plaintiff in the instant case has no cause of action against Amvets for his injuries, Amvets cannot be held liable in contribution to Harris. To hold otherwise would allow plaintiff to accomplish indirectly what he is unable to do directly under the Dramshop Act.

Harris argues, however, that the public policy in Illinois favoring contribution supersedes public policy granting immunity from suit. He points to the legislative history of the Contribution Act:

> "[The right of contribution] is not a derivative right and thus is not barred by any common law or statutory immunity which would preclude the prime claimant from pursuing an action directly against the party from whom contribution is sought ***"

(Comment, *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine,* 14 J. Mar. L. Rev. 173, 193 (1980), quoting legislative history behind Senate Bill 308; see also Note, *Should Contribution Among Tortfeasors Be Permitted In Actions Arising Under the Illinois Dram Shop Act,* 14 Loy. U. Chi. L.J. 503 (1983); Hertz, *The Tort Triangle: Contribution From Defendants Whom Plaintiffs Cannot Sue,* 32 Me. L. Rev. 83 (1980).) In further support of his argument, Harris cites several Illinois cases in which statutory and com-

mon law immunities have been held not to bar an action for contribution. See, *e.g., Howlett v. Doyle* (1949), 402 Ill. 311, 83 N.E.2d 708; *Hartigan v. Beery* (1984), 128 Ill. App. 3d 195, 470 N.E.2d 571; *Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 435 N.E.2d 221; *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 430 N.E.2d 236.

■ In response to this argument, Amvets correctly notes that at issue in the instant case is not statutory immunity from suit but the lack of any statutory duty owed the intoxicated patron by the dramshop if that patron is injured as a result of his intoxication. As noted above, plaintiff is not a member of the class the legislature has deemed compensable under the Dramshop Act. Any expansion in the scope of dramshop liability should come from the legislature or through action by the Illinois Supreme Court. *Ruth v. Benvenutti* (1983), 114 Ill. App. 3d 404, 449 N.E.2d 209.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.