NEW ENGLAND MUTUAL LIFE INSUR-
ANCE COMPANY, a Massachusetts
corporation, and American Employers'
Insurance Company, a Massachusetts
corporation as Assignee and Subrogee
of New England Mutual Life Insurance
Company, Plaintiffs,

v.

LaSALLE NATIONAL BANK, a national
banking association, and Merchandise
National Bank of Chicago, a national
banking association, Defendants,

LaSALLE NATIONAL BANK, a
national banking association,
Third–Party Plaintiff,

v.

D.L. SASLOW COMPANY, INC., an
Illinois corporation, and Barbara
More, Third–Party Defendants.

MERCHANDISE NATIONAL BANK OF
CHICAGO, a national banking associa-
tion, Defendant & Third–Party Plain-
tiff,

v.

EXCHANGE NATIONAL BANK OF CHI-
CAGO, a national banking associa-
tion, Third–Party Defendant.

No. 84 C 5038.

United States District Court,
N.D. Illinois, E.D.

March 19, 1986.

Gilbert J. Schroeder, Clausen Miller Gor-
man, Caffrey & Witous, P.C., Chicago, Ill.,
for plaintiffs.

George B. Collins, Collins & Uscian, Chi-
cago, Ill., for Barbara More.

Richard J. Riordan, Riordan, Larson,
Bruckert & McCambridge, for Merchandise
National Bank of Chicago.

Paul McCambridge, Robert K. Larson,
Narcissee A. Brown, Chicago, Ill., for Ex-
change National Bank of Chicago.

Robert T. Palmer, Chadwell & Kayser,
Ltd., Chicago, Ill., for D.L. Saslow.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the court on the motion of D.L. Saslow & Company to dismiss it as a third-party defendant. For the following reasons, the motion will be granted.

The plaintiff New England Mutual Life Insurance Company is a Massachusetts-based life insurance company. One of New England's agents, Barbara More, conducted an insurance agency under the business name of Max F. Rich & Company. As an agent of New England, More was authorized to solicit and sell insurance policies written by New England. Whether she was authorized to accept premiums from customers is in dispute.

Between January 1, 1982 and October 31, 1982, More obtained seven checks in amounts totalling $355,934.90 from D. L. Saslow & Company payable to New England for insurance premiums due New England. More allegedly induced Saslow to add Max F. Rich & Company as a joint payee on one of the checks and altered the other six checks to insert the name of Max F. Rich & Company as a payee. More then endorsed the checks by writing or typing the name "New England Mutual Life Insurance Co." or some variation thereof on the back of the checks. She deposited the checks in an account bearing the name "Max F. Rich & Co., Premium Fund Trust Account" maintained with defendant LaSalle National Bank. More later withdrew the funds for her own use.

New England and its insurance company, American Employers' Insurance Company, have sued LaSalle for the losses they incurred as a result of these transactions. The plaintiffs have presented five different theories of recovery, one of which is that LaSalle acted negligently by accepting for deposit and collection checks payable to New England which were endorsed only with New England's handwritten or typewritten name without any indication of the name or capacity of the individual who had purportedly endorsed the checks, by accepting checks presented for deposit to the account of Max F. Rich & Company without ascertaining the relationship of More or

the Rich agency to New England or the authority of either to deposit checks payable to New England, by accepting the checks for deposit to the Max F. Rich & Company account, and by accepting the checks without crediting the proceeds of the checks to New England.

LaSalle then filed a third-party complaint stemming from the negligence count of the original complaint. Count I of the third-party complaint is directed against Saslow, the drawer of the checks. LaSalle alleges that if it is found liable to the plaintiffs, it is entitled to recover a pro rata share of common liability from Saslow under the Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat., ch. 70, §§ 301–302. LaSalle contends that Saslow acted negligently by drawing the first check payable to either the Rich agency or New England, permitting the alteration of the other checks so that they appeared "normal," and otherwise drawing the checks so that payees could be added.

Saslow has moved to dismiss Count I of the third-party complaint on the ground that it fails to state a claim upon which relief can be granted. Saslow argues that LaSalle cannot maintain an action for contribution against it unless Saslow is itself liable to the plaintiffs in tort. Saslow contends that it cannot be liable to the plaintiffs because it fulfilled its duties to New England by delivering checks for the premiums to New England's agent.

Second, Saslow argues that any damage incurred by the plaintiffs as a result of LaSalle's negligence constitutes economic loss. Since Illinois law prohibits recovery of damages for economic loss in tort actions, Saslow argues that the plaintiffs cannot recover from LaSalle on a negligence theory, and therefore LaSalle has no claim for contribution.

Third, Saslow argues that it had no duty to exercise reasonable care in the preparation and delivery of its checks and therefore did not act negligently in drafting the checks or giving them to More.

The Illinois Contribution Among Joint Tortfeasors Act provides that where two or

more persons are subject to liability in tort arising out of the same injury to person or property there is a right of contribution among them, even though judgment has not been entered against any or all of them. Ill.Rev.Stat., ch. 70, § 302.

The Illinois Supreme Court, in *Heinrich v. Peabody International Corp.*, 99 Ill.2d 344, 349, 76 Ill.Dec. 800, 459 N.E.2d 935 (1984), stated that "[a] claimant seeking [contribution] need show only a common injury which his acts and those of the contributor combined to bring about and which makes them subject to liability in tort." Although LaSalle argues that this statement means that the persons from whom contribution is sought need not be liable to the original plaintiff, the language in *Heinrich* does not extend that far. The *Heinrich* opinion dealt with the differences between statutory contribution and common law liability. In this context the court stated that while contribution requires only a common injury, a person seeking indemnity must show a pretort relationship with the indemnitor and a significant difference in the nature of the parties' conduct. *Id.*

In *Roberts v. Heilgeist*, 124 Ill.App.3d 1082, 80 Ill.Dec. 546, 465 N.E.2d 658 (2d Dist.1984), the Illinois Appellate Court read *Heinrich* to require that "[t]hird-party liability in contribution can only exist where the party from whom contribution is sought would be liable to the original plaintiff." 80 Ill.Dec. at 548–49, 465 N.E.2d at 660–61. In *Roberts*, the plaintiff sued his former attorney for malpractice alleging that the attorney failed to file a personal injury suit before the statute of limitations ran. The former attorney then filed a third-party complaint seeking contribution from the plaintiff's present attorneys, alleging that the present attorneys were also negligent for failing to file the personal injury suit even though the statute of limitations had run. The court held that the present attorneys did not have a duty to their client to file a time-barred suit, that the present attorneys would not be liable to the plaintiff for not filing suit, and, therefore, were not liable to the past attorney

for contribution. *Id.*, 80 Ill.Dec. at 549, 465 N.E.2d at 661. *See also Jodelis v. Harris*, 138 Ill.App.3d 457, 92 Ill.Dec. 965, 485 N.E. 2d 1208 (1st Dist.1985) (defendant could not seek contribution from tavern which owed intoxicated patron/plaintiff no duty under Illinois Dram Shop Act). Applying *Roberts* and *Jodelis* to the instant case, it is clear that LaSalle cannot obtain contribution from Saslow unless Saslow owed some duty to New England.

LaSalle cites numerous Illinois cases in which contribution was allowed despite the fact that the third-party defendant was immune from liability to the original plaintiff. *See Larson v. Buschkamp*, 105 Ill.App.3d 965, 61 Ill.Dec. 732, 435 N.E.2d 221 (2d Dist.1982) (contribution from plaintiff's parent allowed although parent-child immunity barred direct action by child against parent); *Wirth v. City of Highland Park*, 102 Ill.App.3d 1074, 58 Ill.Dec. 294, 430 N.E.2d 236 (2d Dist.1981) (interspousal immunity between plaintiff and third-party defendant did not preclude contribution). These cases are not inconsistent with the holding in *Roberts*. The *Roberts* case establishes that the person from whom contribution is sought must have a duty to the plaintiff; the other cases hold that a plaintiff's inability to recover for a breach of that duty because of a procedural bar such as a special defense or privilege held by the defendant does not preclude an action for contribution.

LaSalle has not alleged in the third-party complaint that Saslow owed New England any duty. In its brief, however, LaSalle argues that Saslow had a duty to remit premiums properly to New England. In addition, the complaint alleges that Saslow drafted the checks negligently.

■ Assuming for present purposes that Saslow had a duty to remit its monthly premiums and premium statements directly to New England, such a duty would arise from the terms of the contract between Saslow and New England. A failure to fulfill this duty would give New England the right to sue Saslow for breach of contract, not for a tort. By its own terms, the

Illinois Contribution Act applies only when "two or more persons are subject to liability *in tort.*" Ill.Rev.Stat. ch. 70, § 302(a) (emphasis added). Therefore, Saslow's duty to New England under the insurance contract will not support an action for contribution from Saslow.

■ According to the third-party complaint, Saslow acted negligently by drafting the checks so that payees could be added. The Uniform Commercial Code addresses the effect of a drawer's negligence. Code section 3–406 provides:

> Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a hold in due course or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business.

Ill.Rev.Stat. ch. 26, § 3–406. This section establishes that the maker of a note or drawer of a check owes a duty of care to the holder and the drawee. UCC Comments 1 & 2. Section 3–406 creates no duty of care to the payee, however. Furthermore, section 3–406 "does not make the negligent party liable in tort for damages resulting from the alteration. Instead it estops him from asserting [the alteration] against the holder in due course or drawee." UCC Comment 5. The UCC establishes neither a duty of care by Saslow to New England nor a right of action for negligent drafting against Saslow by anyone and will therefore not support a contribution action against Saslow.

In conclusion, the Illinois contribution statute requires that Saslow be liable in tort to the original plaintiff before an action for contribution may be brought against him. Because LaSalle has failed to allege any duty owed by Saslow to New England the breach of which would render Saslow liable in tort, Saslow's motion to dismiss is granted. The court need not decide whether the economic loss doctrine bars New England's recovery from LaSalle on negligence grounds.