J. M. KREJCI COMPANY, INC., Plaintiff, v. SAINT FRANCIS HOSPITAL OF EVANSTON et al., Defendants (Mittelbusher & Tourtelot et al., Third-Party Plaintiffs–Appellants; St. Francis Hospital of Evanston, Third-Party Defendant–Appellant).

First District (5th Division)   No. 85—2691

Opinion filed October 10, 1986.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soder-

strom, James P. DeNardo, and Thomas R. Schutt, of counsel), for appellants.

Tyrone C. Fahner, Danuta Bembenista Panich, and Rosanne J. Faraci, all of Mayer, Brown & Platt, of Chicago, for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This interlocutory appeal is from an order of the trial court dismissing the third-party complaint filed by Mittelbusher & Tourtelot and Schmidt, Garden & Erikson (the architects) against St. Francis Hospital of Evanston (St. Francis). On appeal, the architects contend that their third-party complaint states causes of action for contribution and indemnity.

Plaintiff entered into a contract with defendant, St. Francis Hospital, for plumbing and fire-protection work for the hospital. The architects were employed to perform architectural services with respect to that project, and those services included certain supervisory functions. Plaintiff alleged that it had not been paid for its performance of additional work which was not covered by the contract and which had been requested by St. Francis and the architects. Plaintiff's amended complaint contained one count against St. Francis for breach of contract and another against the architects for negligent performance of their duties. The trial court entered summary judgment in favor of St. Francis on the count against it, and the architects then filed a third-party complaint seeking contribution and indemnity from St. Francis based upon alleged breaches of its contractual duties to plaintiff. The duties on which the architects rely concern scheduling and coordination of the progress of the work. The trial court dismissed the third-party complaint, from which order the architects have appealed.

Opinion

The architects contend that St. Francis is liable to them in tort for negligent breach of its contractual duties to plaintiff. We disagree.

Section 302(a) of the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 302(a)), provides:

"Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them."

■ Thus the Act expressly requires each party to the contribu-

tion action to be "subject to liability in tort" to the injured party (the original plaintiff). (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935; *Jodelis v. Harris* (1985), 138 Ill. App. 3d 457, 459, 485 N.E.2d 1208, *appeal allowed* (1986), 111 Ill. 2d 568; *Roberts v. Heilgeist* (1984), 124 Ill. App. 3d 1082, 1085, 465 N.E.2d 658; *Wheeler v. Ellison* (1984), 124 Ill. App. 3d 852, 862, 464 N.E.2d 857.) In the case at bar, St. Francis, the third-party defendant, is not "subject to liability in tort" to Krejci, the original plaintiff. Accordingly, St. Francis cannot be liable to the architects.

Initially, we observe that plaintiff's claim against St. Francis was based on breach of contract, not negligence. Contribution, however, is predicated upon tort, not contract, liability. *U.S. Home Corp. v. George W. Kennedy Construction Co.* (N.D. Ill. 1985), 617 F. Supp. 893, 895; *Intamin, Inc. v. Figley-Wright Contractors, Inc.* (N.D. Ill. 1985), 605 F. Supp. 707, 710; *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 394-95, 493 N.E.2d 1022; *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 126, 454 N.E.2d 197; *Maxfield v. Simmons* (1983), 96 Ill. 2d 81, 87, 449 N.E.2d 110.

■■ ■ Assuming, *arguendo,* that breach of contract may, under certain circumstances, result in tort liability, it is clear that there is no recovery in tort for purely economic losses that result from a breach of contract. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443.)[1] Even prior to the definitive *Moorman* decision, the Illinois courts had recognized that purely economic loss caused by the failure to perform contractual duties is not recoverable under tort theories when the parties to the litigation are in privity of contract. (See *Palatine National Bank v. Charles W. Greengard Associates, Inc.* (1983), 119 Ill. App. 3d 376, 379-80, 456 N.E.2d 635 (and the cases cited therein).) The parties agree that plaintiff's action against St. Francis sought to recover only economic loss caused by its alleged breach of its contract with plaintiff. Under the applicable case law, plaintiff's remedy was in contract, not tort.[2]

---

[1] In *Moorman,* the supreme court acknowledged that economic loss is recoverable in tort where one intentionally makes false representations (*Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 402 N.E.2d 599), and where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656). (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88-89, 435 N.E.2d 443.) Neither exception is applicable here.

[2] In view of the facts presented in this appeal, we need not decide whether economic losses are recoverable in tort where the parties are not in privity of contract or where the losses resulted from a defendant's negligent violation of professional standards of care and skill.

St. Francis was not "subject to liability in tort" to plaintiff and therefore was not a tortfeasor from whom the architects could seek contribution.

The architects' third-party complaint included one count for contribution and another for implied indemnity based on active-passive negligence. We have determined that St. Francis was not "subject to liability in tort" to Krejci. Although this finding applies to both counts of the third-party complaint, we also note that our supreme court recently has held that the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*), has obviated "the need for implied indemnity based upon an active-passive distinction" and that "[a]ctive-passive indemnity is no longer a viable doctrine for shifting the entire cost of tortious conduct from one tortfeasor to another." (*Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 34-35, 495 N.E.2d 496.) This provides an additional ground for affirming the dismissal of the implied-indemnity count.

For the foregoing reasons, the order of the trial court dismissing the third-party complaint is affirmed.

Affirmed.

MURRAY and PINCHAM, JJ., concur.