LA SALLE NATIONAL BANK, as Trustee, Plaintiff, v. EDWARD M. COHON & ASSOCIATES, LTD., Defendants (Samartano & Company, Third–Party Plaintiff-Appellant; United States Steel Corporation *et al.*, Third-Party Defendants; The Capitol Companies, Inc., *et al.*, Third–Party Defendants-Appellees).

First District (3rd Division)   No. 87—2886

Opinion filed December 7, 1988.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Janet R. Davis, and Bruce L. Carmen, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Stephen D. Marcus, Douglas J. Palandech, and Edward M. Kay, of counsel), for appellee Midwest Concrete Products Company.

Ronald M. DeHaan, E. William Maloney, and Randolph E. Ruff, all of DeHaan & Richter, P.C., of Chicago, for appellees The Capitol Companies, Inc., and Joseph J. Freed & Associates, Inc.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant/third-party plaintiff, Samartano & Company (Samartano), appeals from the trial court's granting of the motions to dismiss of third-party defendants Midwest Concrete Products Co. (Midwest), Capitol Companies, Inc. (Capitol), and Joseph J. Freed & Associates, Inc. (Freed), for Samartano's failure to file its third-party complaint within the time allowed for under the statute of limitations. On appeal Samartano asserts that the trial court erred in dismissing the third-party complaint by improperly relying on the limitations provision of section 13—214(a) of the Code of Civil Procedure (Code) (Ill.

Rev. Stat. 1983, ch. 110, par. 13—214(a)) and improperly finding that the discovery period under section 13—214 for the third-party action was triggered by the filing of the underlying complaint.

For the reasons stated below, we affirm the judgment of the circuit court.

The record indicates the following. Plaintiff in the underlying action, La Salle National Bank (La Salle), as trustee, filed its original complaint on January 17, 1983, naming Samartano and Edward M. Cohon & Associates (Cohon) as defendants. Samartano was served with summons on January 24, 1983. On February 23, 1983, Samartano filed its appearance. La Salle filed a third amended complaint on March 26, 1985. La Salle is the record title owner of the Norridge Commons Shopping Center. La Salle alleges that in September 1976, Cohon agreed to provide services to La Salle for the design and construction of an underground storm-water detention basin at the shopping center. Cohon, in turn, contracted with Samartano to provide structural engineering services for the design of the basin. La Salle contracted with Mayfair Construction Company (Mayfair), a general contractor, for the construction of the detention basin. Mayfair entered into several subcontracts for the performance of the work.

On October 23, 1986, Samartano filed its third-party complaint seeking contribution from third-party defendants. The third-party complaint alleges that third-party defendant Midwest entered into a subcontract with Mayfair under which Midwest agreed to manufacture, fabricate, and install precast concrete roof slabs. Third-party defendant Capitol allegedly was involved in the coordination of design and construction of the water basin, and negligently performed those services. Further, Capitol allegedly made "certain representations and recommendations" that Samartano relied upon. The third-party complaint also alleges that Capitol was negligent in the providing of engineering services and review of the plans and specifications of the water basin. Third-party defendant Freed also allegedly was involved in the direction and coordination of the design and construction of the water basin, and allegedly negligently provided those services. The third-party complaint also alleges that Freed was negligent in its review of the engineering plans and specifications for the water basin.

On June 30, 1987, third-party defendants Capitol and Freed filed a motion to dismiss the third-party complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) for third-party plaintiff's failure to file the action within the applicable statute of limitations period (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a)), and pursuant to the holding in *Hartford Fire Insur-*

*ance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 511 N.E.2d 706. Midwest filed a similar motion to dismiss on July 2, 1987. After a hearing, the trial court entered its order on August 14, 1987, dismissing with prejudice the third-party complaint against Capitol, Freed, and Midwest.

On appeal Samartano asserts that the trial court erred in applying the limitations provisions contained in section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214) rather than the limitations period set forth in section 13—204 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—204). Section 13—204 provides:

> "Contribution among tortfeasors. No action for contribution among joint tortfeasors shall be commenced with respect to any payment made in excess of a party's pro rata share more than 2 years after the party seeking contribution has made such payment towards discharge of his or her liability." (Ill. Rev. Stat. 1987, ch. 110, par. 13—204.)

Section 13—214 provides, in pertinent part:

> "(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission.
>
> (b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a) of this Section." Ill. Rev. Stat. 1983, ch. 110, par. 13—214.

Samartano contends that the trial court erred in relying on *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 511 N.E.2d 706, in granting the motion to dismiss. In *Hartford,* the plaintiffs, as subrogees of a school district, filed suit in December 1981 for damages resulting from a fire in a school in January 1980. The named defendants included the architects, who allegedly were negligent in the design and construction of

the school. The architects filed a third-party complaint against the mechanical and electrical engineers. The engineers moved to dismiss the third-party complaint on the ground that it was time barred by section 13—214(b) of the Code (Ill. Rev. Stat. 1981, ch. 110, par. 13—214(b)). The architects, as third-party plaintiffs, asserted that section 13—214(b) did not apply to actions brought under "An Act in relation to contribution among joint tortfeasors" (the Contribution Act) (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*). Rather, only section 13—204 (Ill. Rev. Stat. 1981, ch. 110, par. 13—204) applied, since it specifically governs actions for contribution.

The court in *Hartford* held that the language of section 13—214, in addition to the legislative history of the section, indicates legislative intent that section 13—214 govern all actions against persons involved in the construction-related activities described in the section. (*Hartford*, 158 Ill. App. 3d at 518.) The legislative history indicates, among other things, that the purpose of section 13—214 is to protect persons involved in the design and construction of buildings from potentially unlimited liability. (*Hartford*, 158 Ill. App. 3d at 519.) To exclude contribution actions from the purview of section 13—214 could in many instances thwart the purpose of the section. (*Hartford*, 158 Ill. App. 3d at 519-20.) Further, section 13—214 does not contravene the policy underlying the Contribution Act. *Hartford*, 158 Ill. App. 3d at 520.

The court in *Hartford* held that since the services provided by the architects were construction-related activities as described in section 13—214, section 13—214 governed over section 13—204. (*Hartford*, 158 Ill. App. 3d at 518.) The court also stated that the latest date on which the architects could be charged with discovery of the acts or omissions alleged in the action for contribution was the date on which the original action was filed by the plaintiffs. (*Hartford*, 158 Ill. App. 3d at 520.) Since the action for contribution in that case was filed more than 14 years after completion of the construction project and almost four years after the original action was filed, the court affirmed the dismissal of the third-party complaint. *Hartford*, 158 Ill. App. 3d at 521.

Samartano asserts that *Hartford* is inconsistent with prior Illinois decisions, including *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939, *Stephens v. McBride* (1983), 97 Ill. 2d 515, 455 N.E.2d 54, and *Monsen v. DeGroot* (1985), 130 Ill. App. 3d 735, 475 N.E.2d 5. Our review of the three cited cases indicates, however, that each case is distinguishable from and not inconsistent with *Hartford*. We will review the three cases here.

In *Laue v. Leifheit*, the court held that under section 5 of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 305), where no action is brought by the injured party, a claim for contribution may be asserted in a separate action before or after payment by the tortfeasors. (*Laue*, 105 Ill. 2d at 195.) However, if an action is pending, the contribution claim must be asserted by counterclaim or third-party claim while the original action is pending. (*Laue*, 105 Ill. 2d at 196.) The holding in *Laue* does not bear on the instant action, as the pendency of the underlying action in relation to the time of the filing of the third-party complaint is not at issue here.

In *Stephens v. McBride*, the court held that an action for contribution against a governmental entity is " 'separate and distinct from the injured plaintiff's action against the governmental entity and is not barred by failure to file a timely claim measured from the time of the accident.' " (*Stephens*, 97 Ill. 2d at 520, quoting *People ex rel. Department of Transportation v. Superior Court* (1980), 26 Cal. 3d 744, 754, 608 P.2d 673, 679, 163 Cal. Rptr. 585, 591.) The third-party plaintiff in *Stephens* was allowed to file a contribution action against a municipality even though the plaintiff in the underlying action failed to serve the one-year notice upon the municipality, as is required under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, pars. 8—102, 8—103). The court held that the Tort Immunity Act's one-year notice provisions do not apply to an action for contribution. (*Stephens*, 97 Ill. 2d at 521.) In allowing the filing of the third-party complaint, the court considered that the Tort Immunity Act was enacted prior to the Contribution Act and therefore could not purport to deal with contribution actions. (*Stephens*, 97 Ill. 2d at 522.) Further, the policies underlying the Contribution Act mandated the result. *Stephens*, 97 Ill. 2d at 522-24.

In the instant case, it is the third-party plaintiff, Samartano, and not the plaintiff in the underlying action, as in *Stephens*, who failed to follow statutory guidelines. Further, unlike the Tort Immunity Act, section 13—214 was enacted by the Illinois legislature after the legislature discussed the possible future effects of the provision regarding potential third-party claims. (See *Hartford*, 158 Ill. App. 3d at 518-19.) Further, the *Stephens* facts are distinguishable from those of the instant case, which has no relation to liability of governmental bodies.

In *Monsen v. DeGroot*, the court held that the limitations provision of the Contribution Act applied to a third-party complaint rather than the one-year limitation provision of the Liquor Control Act of 1934 (Dramshop Act) (Ill. Rev. Stat. 1987, ch. 43, par. 135). (*Monsen*,

130 Ill. App. 3d at 739.) The third-party complaint was based on the Contribution Act and alleged that the third-party defendant's liability for contribution, if any, arose from a violation of the Dramshop Act. (*Monsen,* 130 Ill. App. 3d at 739.) *Monsen,* however, is distinguishable from the instant case in that different policy considerations underlie the Dramshop Act than those underlying the limitations and repose provisions of section 13—214. Further, the Dramshop Act provides for only certain limited causes of action, while section 13—214 provides more broadly for any actions "based upon tort, contract or otherwise" which may be brought against any person arising out of activity related to the construction industry.

Samartano also contends that the court in *Hartford* failed to analyze closely the consequences of its interpretation of the discovery rule. Samartano asserts that if the key factor regarding the limitations period is the underlying complaint, then the latest "trigger" date for the discovery of the alleged negligence is the date of *service* of the complaint upon the defendant/third-party plaintiff rather than the date of *filing* of the complaint. Samartano also asserts that, if applied literally, the *Hartford* court's interpretation of the discovery rule improperly creates a conclusive presumption on an issue of fact, namely, that the defendant knew or should have known of the existence of causes of actions against third-party defendants within two years of the filing of the underlying complaint.

■■ ■ We do not believe that it would be inconsistent with the holding or rationale in *Hartford* for a court to consider, in an appropriate case, the date of service of the complaint upon a defendant rather than the date of filing of the complaint, particularly where the service date came much later than the date of filing. The decision in *Hartford* that the "trigger" date for knowledge by a defendant of a potential claim for third-party relief is the date of filing of the underlying complaint, however, is consistent with the purposes and policies underlying a statute of limitations. The purpose of statutes of limitations is to " 'require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims.' " (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864, quoting *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 132, 334 N.E.2d 160.) We find no violation of the well-established rationale underlying statutes of limitations in the application of section 13—214 to Samartano's action in the instant case, and therefore reject Samartano's contention regarding a purported "conclusive presumption."

■ Additionally, Samartano contends that the trial court erred in applying section 13—214(a) to the instant action. Samartano asserts that, unlike in *Hartford*, which compared a statute of limitations (section 13—204) to a statute of repose (section 13—214(b)), the instant case involves competing statutes of limitations (sections 13—204 and 13—214(a)). Accordingly, Samartano asserts, the instant case does not present the concern in *Hartford* of potentially unending liability if the repose period of section 13—214(b) were subjugated to the limitations period of section 13—204.

We believe that the statute of repose of section 13—214(b) must be read in conjunction with the statute of limitations of section 13—214(a). (See *Apogee Enterprises, Inc. v. Hans Rosenow Roofing Co.* (N.D. Ill. March 13, 1986), No. 84—C—4508.) Samartano's distinction between the statute of limitations and statute of repose does not change the result of this case. We find that section 13—214 governs this case rather than section 13—204.

■ Further, Samartano asserts that section 13—214(a) does not apply to actions for contribution. Samartano looks to the language of section 13—214(a) that "[a]ctions based upon tort, contract or otherwise" are subject to the limitations provisions provided in that section. (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).) Samartano contends that the language "tort or contract" describes the legal theory expressed in the action, while an action for contribution can be based upon any number of legal theories. Samartano contends that the "otherwise" language of section 13—214 ("action based upon tort, contract *or otherwise*") (emphasis added) does not include complaints for contribution. Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).

We find that Samartano's proposed reading of section 13—214 unduly limits the meaning of that section. The "otherwise" language is broad, and has been held to include an action for contribution. (*Apogee Enterprises, Inc. v. Hans Rosenow Roofing Co.* (N.D. Ill. March 13, 1986), No. 84—C—4508.) In *Apogee Enterprises*, the district court held that section 13—214, rather than section 13—204, governs all actions for defective design in construction, whether based on the contribution statute or another theory. (*Apogee Enterprises*, slip op. at 1.) The court stated that "the language of section 13—214 does not admit exceptions other than the ones stated, and it expressly covers all actions for defective design whether based on the contribution statute or other theory." (*Apogee Enterprises*, slip op. at 1.) We agree with the reasoning in *Apogee Enterprises* and hold that section 13—214 applies to Samartano's contribution action in the instant case.

■ Samartano further contends that section 13—204 takes prece-

dence over section 13—214(a), since section 13—204 is more specific than section 13—214(a). Third-party defendants/appellees respond that Samartano failed to assert this argument in the trial court and therefore has waived the issue. We will address the issue on appeal, since section 13—204 was referenced both in the proceedings of the hearing on the motion to dismiss and in the *Hartford* case, cited by the parties in the trial court.

We disagree, however, with Samartano's assertion that section 13—204 is more specific than section 13—214(a) and find just the contrary to be true. Section 13—204 applies generally to contribution actions, regardless of the type of activity from which the cause of action arose. Section 13—214, on the other hand, has been called a "special statute of limitations" (*Blackwood v. Rusk* (1986), 148 Ill. App. 3d 868, 500 N.E.2d 69) and a "specific" statute of limitations (*Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613), and specifically applies to actions arising out of certain conduct, *i.e.*, that related to construction activities. Since a more specific limitations period controls over a more general one (*Calumet Country Club*, 136 Ill. App. 3d at 612), we hold that section 13—214(a) controls over section 13—204 in the instant case. Further, since we have found that section 13—214, rather than section 13—204, governs the instant action, we need not address Samartano's contention regarding the specific applicability provisions of section 13—204.

■ Samartano also contends that a remotely filed third-party complaint is governed by section 2—406(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b)), which grants the trial court discretion to deny leave to file third-party complaints due to untimeliness.

Section 2—406 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—406) provides for the filing of third-party complaints "[w]ithin the time for filing *** [a defendant's] answer or thereafter by leave of court." (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b).) Section 2—406 grants the trial court discretion regarding allowing the filing of a third-party complaint where "a complete determination of a controversy cannot be had without the presence of other parties." (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(a).) Section 2—406 does not, however, set forth the limitations period for the filing of a third-party complaint and therefore does not bear on the issues raised in the instant appeal.

■ Samartano also asserts that public policy would not be served if *Hartford* were applied to the instant case, since the court's inter-

pretation of the discovery rule in *Hartford* creates practical problems for the litigants and the court. Samartano contends that a potential third-party plaintiff may not have sufficient facts within two years from the filing of the underlying complaint upon which to base a third-party action. Samartano asserts that if the limitations period begins to toll upon the filing of the underlying action, the direct defendants will expend their time and efforts on third-party discovery rather than on discovery directed to the merits of the plaintiff's case.

The Illinois Supreme Court has stated that the discovery rule regarding a statute of limitations, where applicable, provides that the statute starts to run when a party knows or reasonably should know of his injury or damage and also knows or reasonably should know that the injury was wrongfully caused. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) Assuming that the discovery rule applies to the instant case, we do not find that the decision in *Hartford* creates unreasonable demands on the parties to the action. A defendant has a duty, after he knows or reasonably should know of the injury and that the injury was wrongfully caused, to make diligent inquiry as to the existence of a third-party cause of action. *Knox College,* 88 Ill. 2d at 415.

We also find that Samartano's third-party complaint seeks merely economic losses, which are not available to a third-party plaintiff under the Contribution Act under the circumstances present in this case. (See *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443.) Samartano asserts that issues based on the economic loss theory and the applicability of the Contribution Act have been waived by the third-party defendants and cannot be considered on appeal. Since a reviewing court may consider the entire record and affirm if any basis exists for doing so (*Northern Trust Co. v. Winston* (1975), 32 Ill. App. 3d 199, 336 N.E.2d 543), we will consider these issues on appeal.

■ The Contribution Act allows for the right of contribution only where "two or more persons are subject to liability in tort arising out of the same injury to person or property." (Ill. Rev. Stat. 1983, ch. 70, par. 302(a).) That is, there must be a showing that the party from whom contribution is sought could be held liable in tort to the original plaintiff. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.) The economic loss doctrine, which disallows tort actions seeking purely economic damages, further bars third-party contribution actions where the third-party defendant could not have been held liable to the original plaintiff for economic losses. (*J.M. Krejci Co. v. St. Francis Hospital* (1986), 148 Ill. App. 3d 396, 499 N.E.2d 622; *In-*

*tamin, Inc. v. Figley-Wright Contractors, Inc.* (N.D. Ill. 1985), 605 F. Supp. 707.) Exceptions to this rule barring recovery for economic losses arise where: (1) professional negligence is alleged (*Rosos Litho Supply Corp. v. Hansen* (1984), 123 Ill. App. 3d 290, 462 N.E.2d 566); (2) where one intentionally makes false representations (*Moorman*, 91 Ill. 2d at 88-89); or (3) where one who is involved in the dissemination of specialized knowledge or information for the guidance of others in their business transactions allegedly makes negligent representations (*Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, 503 N.E.2d 246; *Moorman*, 91 Ill. 2d at 88-89).

■ La Salle's third-amended complaint sounds in negligence against Cohon and Samartano. Count I alleges breach of contract against Cohon. Count II alleges negligence against Cohon. The damages sought are economic, for the cost of repairing the water basin which suffered excessive corrosion and collapse. The complaint alleges that both Samartano and Cohon performed construction phase responsibilities, and that the basin project was completed through the use of plans and specifications prepared by Cohon and Samartano.

There has been no showing, however, that Capitol, Freed, and Midwest, the third-party defendants/appellees, had any responsibilities toward La Salle which would make them potentially liable in tort to La Salle or otherwise bring them within one of the exceptions to the economic loss doctrine. The third-party complaint fails sufficiently to allege that third-party defendants intentionally made false representations or made negligent representations. The third-party complaint states that Cohon made representations that La Salle relied on, and further states that each of the third-party defendants was negligent in performing the construction work. These allegations do not bring the action within an exception to the economic loss doctrine. (See *Moorman*, 91 Ill. 2d at 88-89.) Therefore, Samartano may not seek contribution from appellees. *J.M. Krejci Co. v. St. Francis Hospital* (1986), 148 Ill. App. 3d 396, 499 N.E.2d 622.

■ Finally, *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, *cert. denied sub nom. Hinckley Plastic, Inc. v. Reed-Prentice Division Package Machinery Co.* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849, holds that contribution is available prospectively to "causes of action arising out of occurrence on or after March 1, 1978." (*Skinner*, 70 Ill. 2d at 16-17. See also *Balmes v. Hiab-Foco, A.B.* (1982), 105 Ill. App. 3d 572, 434 N.E.2d 482.) All of the occurrences giving rise to La Salle's original cause of action in the instant case precede March 1, 1978. La Salle alleges that it entered into an oral contract with Cohon in September

1976 for the design and construction of the water basin. Thereafter, during 1976 and/or 1977, further agreements were entered into among other parties for the construction and design of the basin. The basin work was completed in late 1977. All of this action predates the effective date of the Contribution Act. Therefore, contribution is not available to Samartano in the instant case.

For the foregoing reasons, we affirm the judgment of the circuit court.

Judgment affirmed.

WHITE, P.J., and RIZZI, J., concur.