Argued and submitted January 5, reversed and remanded
April 21, 1971

KING, *Appellant, v.* JONES ET AL,
*Respondents.*

483 P2d 815

*Vernon Cook*, Gresham, argued the cause and submitted briefs for appellant.

*Ridgway K. Foley, Jr.*, Portland, argued the cause for respondents. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, and HOWELL, Justices.

HOWELL, J.

Plaintiff filed an action for malpractice against defendants, partners in a law firm. The trial court granted a judgment on the pleadings in favor of defendants, and plaintiff appeals.

A motion for judgment on the pleadings is allowable only when the pleadings affirmatively show that plaintiff has no cause of action against the defendant, or when the defendant affirmatively alleges a complete defense which is admitted by the reply. *Scott & Payne v. Potomac Ins. Co.*, 217 Or 323, 341 P2d 1083 (1959).

Plaintiff filed an original and two amended complaints. In her second amended complaint she alleged as follows: On June 13, 1964, she employed defendant Nash to represent her in a personal injury action against Meadows Pontiac Company and Lawrence Mannix. Her cause of action arose out of an accident that occurred on June 13, 1964, when Mannix, who was "showing a vehicle" with the permission of Meadows Pontiac, negligently drove the vehicle into the plaintiff. The defendants filed an action on behalf of plaintiff against Meadows Pontiac and "John Doe." (The latter name apparently was used because Mannix's name was not known to plaintiff at that time.) Plaintiff also alleged that the defendants failed to obtain service on Mannix within the prescribed time and "negligently permitted plaintiff's cause of action against Lawrence Mannix to become barred by the Statute of Limitations."

Plaintiff further alleged that as a result of defendants' negligence she was precluded from recovering a judgment against Mannix and suffered damages in the amount of $27,873.97.

The defendants' answer alleged: The defendants

were employed to prosecute an action against Meadows Pontiac and another person whose identity was not revealed, except that his name was "Larry." The complaint was filed against Meadows Pontiac and "John Doe." The defendants were unable to locate and serve "Larry," the defendant in the original personal injury action.

For an affirmative defense the defendants alleged that the plaintiff's action for personal injuries was settled during the trial for $3500, and that plaintiff executed a release in favor of Meadows Pontiac and Lawrence Mannix. The release, attached as an exhibit to the defendants' answer, expressly released Meadows Pontiac, Lawrence Mannix, and all other persons, firms or corporations from all claims arising "* * * as a result of injuries received by the undersigned on or about June 13, 1964, when the undersigned was standing near an automobile owned by MEADOWS PONTIAC CO. and which was parked by the curb on N.E. 27th Avenue adjacent to the then business location of MEADOWS PONTIAC CO. located at 2705 N.E. Sandy Blvd., in the City of Portland, Multnomah County, State of Oregon, when at said time and place one LAWRENCE MANNIX started up said automobile with the right front door open and moved it in such a manner as to cause the door of said automobile to strike the undersigned."

In her reply, the plaintiff admitted the execution of the release, but alleged that she did not intend to release the defendants herein and that she was not fully compensated for her injuries by receipt of the $3500 settlement.[1]

---

[1] The relationship between Mannix (or "John Doe") with Meadows Pontiac is not entirely clear from the pleadings. In

The trial court held that plaintiff's release of Mannix in the personal injury action eliminated any cause of action against the defendants herein and granted a judgment on the pleadings in favor of defendants.

The defendants cite no rule of law that a release of an original tort-feasor after the statute of limitations has expired operates as a bar to an action for malpractice against the attorneys responsible for allowing the statute of limitations to run.

Rather, the defendants argue that plaintiff's release of the tort-feasor Mannix operates as a release of the defendants herein on the basis that a release of one joint tort-feasor releases all. Obviously, Mannix and the defendants are not joint tort-feasors. Plaintiff's cause of action against Mannix was for personal injuries incurred when Mannix negligently struck her with the automobile. Plaintiff's cause of action against defendants was for malpractice which occurred later when defendants negligently (according to plaintiff's complaint) failed to serve Mannix prior to the expiration of the statute of limitations. These are two

---

plaintiff's original complaint against Meadows Pontiac, plaintiff alleged that "John Doe" was employed by Meadows Pontiac and acting within the scope of his employment when he struck her with the car. In her second amended complaint in the instant case, plaintiff alleged that Mannix was "showing a vehicle" with the "permission" of Meadows Pontiac when he struck her with the vehicle. The release which is attached as an exhibit to the defendants' answer does not state whether or not Mannix was an employee of Meadows Pontiac at the time of the accident. Plaintiff contends and has alleged that the receipt of $3500 paid to her in the settlement of the personal injury action did not fully compensate her for her injuries received in the accident, and that if the defendants had not allowed the statute of limitations to run against her claim against Mannix, she would have recovered a judgment against Mannix for $27,873.97.

separate and distinct acts giving rise to two separate and distinct causes of action.

Secondly, the defendants cite the rule that plaintiff, in an action for malpractice against the defendants, must show that she had a good cause of action against Mannix. *Milton v. Hare et al*, 130 Or 590, 598, 280 P 511 (1929). In *Milton* the plaintiff contended that the defendant attorney was negligent in representing her in a claim that she had for fraud and deceit in the purchase of certain property. The court held that plaintiff's action for malpractice must fail because she had not alleged a cause of action for fraud and deceit in the original transaction.

In the instant case the plaintiff has alleged facts that show a cause of action against Mannix arising out of the accident on June 13, 1964. The defendants argue that since the plaintiff in her reply admits the execution of the release, she, in effect, admits that she lost her cause of action against Mannix. However, plaintiff, in her second amended complaint, alleges that she lost her cause of action against Mannix because of the negligence of her attorneys in permitting the statute of limitations to run in her action against Mannix, and that as a result of such negligence, plaintiff was precluded from recovering a judgment against Mannix for $27,873.97.

If this is true—and for present purposes we must assume it to be true—the plaintiff's execution of the release must be deemed irrelevant. At the time of the release, plaintiff's cause of action against Mannix had long since been barred, and the release was, from a practical standpoint, an empty gesture. Of course, it might be argued that Mannix might have waived his right to plead the statute of limitations as

a defense, but this is too speculative and unrealistic for serious consideration.

*Drury v. Butler*, 171 Mass 171, 50 NE 527 (1898), is similar to the instant case. The defendant attorney was retained to represent plaintiff in negotiations wherein a city was seeking to acquire a portion of plaintiff's land for the construction of a sewer. The city installed the sewer over plaintiff's land without a formal taking. The defendant filed an action of trespass for the plaintiff against the city, but failed to file an action for the value of the land taken. The plaintiff thereby lost any right to recover damages for the land taken. Subsequent to expiration of the two-year statute of limitations for filing an action for damages for the value of the land taken, the plaintiff conveyed the strip of land to the city and also settled the trespass case. The settlement and conveyance stated that it did not affect plaintiff's rights against the defendant attorney.

The court held that the plaintiff's settlement and the conveyance of the land to the city, executed after the statute of limitations had run against plaintiff's right to claim damages for the value of land taken, did not bar plaintiff's right to recover for malpractice against the defendant attorney.

In *Katzenberger v. Bryan*, 206 Va 78, 141 SE2d 671 (1965), the plaintiffs retained the defendant attorney to examine the title to certain property which plaintiffs had contracted to purchase. The defendant failed to discover that the vendors did not own a portion of the property. The plaintiffs brought an action for breach of warranty against the vendors and received $1,500 in settlement. Plaintiffs then brought an action for malpractice against the defendant, and

the latter defended on the ground that plaintiffs' settlement with the vendors constituted an accord and satisfaction which was a bar to plaintiffs' claim against the defendant.

The court held that plaintiffs' settlement of the breach of warranty action did not bar plaintiffs' action against the defendant for malpractice as the parties were not joint tort-feasors because the two claims were entirely separate and distinct.

We conclude that plaintiff's release of Mannix does not operate as a bar to plaintiff's claim for malpractice against the defendants. Plaintiff's claim against Mannix for personal injuries and her claim against defendants for malpractice are separate and distinct claims. Her cause of action against defendants arose when they allowed the statute of limitations to run against her claim against Mannix. Her subsequent release of Mannix had no relationship to the cause of action she had acquired against the defendants.

The judgment is reversed and remanded for further proceedings not inconsistent with this opinion.