PARKER, Judge.
Copenhaver, a dentist, appeals a final judgment entered after a jury awarded Miller $8,600 for injuries sustained from dental surgery. We reverse the judgment and find that the trial court committed error in denying Copenhaver’s motion for a directed verdict on the issue of Miller’s informed consent to the surgery.
Miller’s complaint alleged that Copenhaver committed dental malpractice. The jury found Copenhaver was not negligent in the treatment of Miller but was negligent in obtaining Miller’s consent to the procedure and awarded monetary damages.
A general consent form was signed by Miller prior to surgery. The evidence was in conflict as to the information which Co-penhaver had furnished Miller before the surgery was performed. According to Miller, Copenhaver had shown Miller the x-rays and explained that three wisdom teeth were to be extracted. Miller admits Copen-haver stated it was a routine procedure and that nerves were close to one of the teeth. Miller’s husband was present and stated that Copenhaver, in addition to the above representations, told Miller that some persons did experience temporary numbness in their lower lip and chin area following surgery, but that the numbness generally dissipated within a week or a few months. Both Miller and her husband admit she signed a consent form.
A handwritten note by Copenhaver appears on the consent form and states “possible numbness to lower lip and tongue.” Miller testified at trial that the note was not included on the consent form when she signed it. Her husband was unsure if the note appeared on the form when signed by Miller but testified Miller would not have undergone the surgery had she been informed about the possibility of numbness to the lip and tongue.
Copenhaver testified that the quoted language was contained in the consent form at the time it was signed by Miller. He also testified that he routinely advised all patients of the specific risks associated with oral surgery. Copenhaver testified that he would inform his patients that one of the less common but possible risks of surgery was numbness to the lower lip area, chin, and tongue. According to Copenhaver, he was certain that he had told Miller about the possibility of permanent numbness.
It is not disputed in this case that Miller gave her consent to this surgery. The parties also conceded that no expert testimony was elicited at trial as to what a reasonable dental practitioner in the com* munity would disclose to a patient under these circumstances, nor whether Dr. Co-penhaver breached that standard. At the trial, Copenhaver sought a directed verdict on the issue of informed consent, which was denied.
Because the duty of a dentist to disclose to a patient certain risks attributable to a particular medical procedure will *200 vary in each case, expert testimony is required in informed consent cases to establish whether a dental practitioner in the community would make the pertinent disclosures under the same or similar circumstances. Ritz v. Florida Patient’s Compensation Fund, 436 So.2d 987 (Fla. 5th DCA 1983), review denied, 450 So.2d 488 (1984); Ditlow v. Kaplan, 181 So.2d 226 (Fla. 3d DCA 1965). A plaintiff is required to establish through expert testimony the information which should have been conveyed to her under the circumstances. Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla.1987). Because Miller did not sustain that burden, the trial court should have directed the verdict for Copenhaver on this issue. Ritz. In view of the fact that the verdict was solely predicated on the consent issue, we reverse the final judgment.
RYDER, A.C.J., and FRANK, J., concur.