**Rhonda JOHNSON, Appellant,**

v.

**H. Gordon TAYLOR, Respondent.**

**No. CX–88–1626.**

Court of Appeals of Minnesota.

Jan. 31, 1989.

Review Denied April 19, 1989.

Gary E. Stoneking, Minneapolis, for appellant.

Timothy R. Murphy, Geraghty, O'Loughlin & Kenney, St. Paul, for respondent.

Heard, considered and decided by RANDALL, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant challenges the May 18, 1988 summary judgment. We reverse.

## FACTS

Robert Johnson was injured on May 18, 1975 when he was struck by an automobile while riding his bicycle. Within two months of the accident, he and his wife, appellant, retained Gordon Taylor, respondent, to provide legal services. By February 23, 1982 correspondence, respondent notified appellant that he admittedly failed to initiate a suit within six years after the accident. Prior to this time he had not advised the Johnsons to seek other counsel nor did he inform them of the statute of limitations.

Johnson died of cancer on July 18, 1984. In January, 1987, appellant initiated a legal malpractice action on her own behalf and as personal representative of her husband's estate. The trial court granted respondent's motion for summary judgment finding that the malpractice action terminated upon Johnson's death pursuant to Minn. Stat. § 573.01 (1986). Appellant seeks review of the judgment.

## ISSUE

Is a legal malpractice claim a cause of action separate from the underlying action?

## ANALYSIS

Since the parties agree that no factual issues exist, our standard of review is limited to determining whether the trial court erred in its application of the law. *See Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

Appellant disputes the trial court's interpretation of Minn.Stat. § 573.01 (1986). The survival statute states:

A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02 [wrongful death]. All other causes of action by one against another, whether arising on contract or not, survive to the personal representative of the former and against those of the latter.

Minn.Stat. § 573.01 (1986).

It is well-settled that the courts in construing statutes shall ascertain and give effect to the intent of the legislature when the statute was enacted. *See* Minn.Stat. § 645.16 (1986).

At common-law a personal injury action abated with the death of either party. The court in *Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608 (Minn.1988) discussed the rationale behind the common-law:

The old non-survival rule sprang from the medieval view of torts as a form of revenge incapable of being continued on behalf of either victim or wrongdoer.

*Id.* at 612 (citing *McDaniel v. Bullard*, 34 Ill.2d 487, 494–95, 216 N.E.2d 140, 144 (1966)). In order to eliminate the inequities to the survivors under the common-law principle, Minn.Stat. § 573.01 provides for the survival of all actions not arising from injury to the person. Thus,

Survival of actions [has been] allowed as torts [have come] to be viewed as compensatory rather than punitive, and now 'there is no reason why an estate that has been injured or depleted by [the wrong of] another should not be compensated whether the injured party is living or not.'

*Id.*

In accordance with this, appellant argues that a legal malpractice claim arises out of a breach of contract resulting in economic loss to the estate, not physical injury re-

sulting in pain and suffering. Appellant concludes that a legal malpractice claim is not an action "arising out of injury to the person," and is not barred by the survival statute.

We agree. While case law in Minnesota has not specifically interpreted the breadth of the phrase "arising out of injury to the person," the Minnesota Supreme Court has discussed the distinction between a legal malpractice action and the underlying claim. In *Cook v. Connolly*, 366 N.W.2d 287 (Minn.1985), the supreme court stated that a plaintiff's malpractice action "is an independent cause of action, not subsumed in the plaintiff's personal injury action." *Id.* at 291.

The New York Appellate Court more fully discussed the issue in *Becker v. Julien, Blitz & Schlesinger, P.C.*, 95 Misc.2d 64, 66, 406 N.Y.S.2d 412, 413–414 (N.Y.Sup.Ct. 1977):

> The fact that the [prior] case has been irrevocably terminated does not, in and of itself, preclude a malpractice claim * * *. In many, if not most instances involving an alleged malpractice by attorneys, the underlying litigation has been terminated—by allowing the Statute of Limitations to lapse, by suffering a default or dismissal and the like. Often it is the very fact of termination of the action which gives rise to the claim for malpractice * * * [T]he cause of action for legal malpractice must stand or fall on its own merits, with no automatic waiver of a plaintiff's right to sue for malpractice merely because plaintiff had voluntarily agreed to enter into a stipulation of settlement. * * *

Finally, the Oregon Supreme Court in *King v. Jones*, 258 Or. 468, 483 P.2d 815 (1971) noted:

> Plaintiff's [prior] cause of action * * * was for personal injuries incurred * * *. Plaintiff's cause of action against defendants [attorneys] was for malpractice which occurred later when defendants negligently (according to plaintiff's complaint) failed to serve [a party] prior to the expiration of the statute of limitations. These are two separate and distinct acts giving rise to two separate and distinct causes of action.

*Id.* at 471–472, 483 P.2d at 817.

While the *Cook* and *Becker* matters involved a prior settlement and not the survival statute, the determination of a legal malpractice action as an independent claim in these cases applies as well to this case because both a settlement and the survival statute terminate the underlying action.

We concur with the cases which have distinguished a legal malpractice action from an underlying personal injury action, and conclude the legal malpractice claim in this case survives the death of Robert Johnson. The legislature provided for the maintenance of all actions except those arising from personal injury. The legal malpractice in this case did not arise from such an injury and thus falls outside the narrow exception in the statute. We find that the legal malpractice action arose from respondent's misconduct rather than from Johnson's personal injury; accordingly, we reverse the summary judgment and remand for a trial on the merits.

REVERSED.

RANDALL, Judge, dissenting.

I respectfully dissent. I would affirm the trial court which found the potential malpractice action terminated upon plaintiff's death.

Robert Johnson had six years from May 18, 1975, to sue for his personal injuries suffered in the accident that day. That deadline came and went with no lawsuit being filed, leaving him only a cause of action against his attorney, Gordon Taylor. However, prior to beginning suit against Taylor, Johnson died.

It seems to me the trial court analyzed the situation correctly. Since, to prove a cause of action and damages against Taylor, Johnson would have had to prove a cause of action and damages against the person who struck him with a car on May 18, 1975, the underlying malpractice action dies with plaintiff Johnson just as if Johnson had died before commencing suit against the original tortfeasor. To recover

for legal malpractice on a claim that a statute of limitations was missed, you basically prove "a lawsuit within a lawsuit." Johnson's heirs cannot prove up a personal injury lawsuit against the original tortfeasor (the exception for wrongful death is not involved). Johnson had to prove up his original personal injury action (on both the issues of liability and damages) himself while alive. Now to recover for legal malpractice by claiming that his attorney negligently permitted the statute of limitations to run, in addition to proving an attorney/client relationship (not in issue here), Johnson would have to establish that the claim that was lost was a "recoverable claim," in other words, had value.[1]

Since Johnson's heirs cannot prove Johnson's personal injury case against the original automobile tortfeasor, the trial court found they had no legal malpractice claim to prove against Taylor, as they could not prove damages. The heirs cannot show Johnson's damages as against the automobile tortfeasor because that lawsuit died when Johnson died. The trial court properly found this malpractice action against Taylor died with plaintiff Johnson, and I would affirm.

---

**1.** *Christy v. Saliterman,* 288 Minn. 144, 179 N.W. 2d 288, 289 (1970).