PER CURIAM.
Regina Nazzaro appeals final orders granting summary judgments in favor of Dr. Anthony Wolfe, Dr. Henry Kawamoto, and Cedars Medical Center, defendants in a medical malpractice action brought by Naz-zaro. We affirm the orders but remand for further proceedings.
Nazzaro’s amended complaint sounded in theories of negligence and failure to obtain informed consent. Nazzaro alleged that her injuries resulted from the negligent performance of orthognathic surgery to shorten her upper jaw and reform her chin. Dr. Wolfe filed a motion for summary judgment based upon uncontroverted evidence that Dr. Kawamoto, not Dr. Wolfe, had been Nazzaro’s surgeon and that Nazzaro had signed a general consent form acknowledging the fact.[1] We agree that the *144 evidence supports Dr. Wolfe’s entitlement to summary judgment.[2] See Gooding v. University Hosp. Bldg., Inc., 445 So.2d 1015 (Fla.1984) (to prevail in medical malpractice claim, plaintiff must establish standard of care owed by defendant, defendant’s breach of standard, and that breach proximately caused damages claimed).
In his motion for summary judgment, Dr. Kawamoto argued that Nazzaro had not shown a breach of the prevailing professional standard of care pursuant to section 768.45(1), Florida Statutes (1987). In support of his motion, Dr. Kawamoto attached the affidavit of a physician board certified in plastic and reconstructive surgery who had performed the same surgical procedure. The physician concluded, based upon review of the videotapes of Nazzaro's surgery, deposition testimony, and Cedars’ medical records, that Dr. Kawamoto’s care and treatment was “reasonable and well within the acceptable and appropriate standard of care for this type of procedure.” Nazzaro filed opposing affidavits from a board-certified ear, nose, and throat surgeon and an attorney who was formerly a practicing oral surgeon. The trial court did not err in striking Nazzaro’s affidavits and in ruling that the individuals did not possess “sufficient training, experience, and knowledge as a result of practice or teaching ... within the 5-year period before the accident giving rise to the claim[,]” section 768.45(2)(c), Florida Statutes (1987), so as to provide expert testimony concerning the prevailing professional standard of care in plastic and reconstructive surgery. See Smith v. Coastal Emergency Servs., Inc., 538 So.2d 946 (Fla. 4th DCA 1989). Summary judgment was properly entered on the issue of Dr. Kawamoto’s negligence.
The issue of informed consent, however, was not addressed in Dr. Kawamoto’s motion or supporting affidavit, although Naz-zaro alleged that Dr. Kawamoto failed to advise her of the risks, dangers, and side effects of the surgery. We, therefore, remand for further proceedings on the question of informed consent. See Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla.1987) (notwithstanding signed consents, plaintiff’s allegations on lack of informed consent sufficient to survive motion for summary judgment absent defendant’s showing either that complication was not substantial risk inherent in treatment or that failure to so inform plaintiff accorded with accepted standard of medical practice); cf. Copenhaver v. Miller, 537 So.2d 198 (Fla. 2d DCA 1989).
As to Cedars, Nazzaro alleged only that the hospital negligently permitted Dr. Kawamoto, a licensed California physician, to perform surgery in Florida. In its motion for summary judgment, Cedars asserted compliance with all statutory licensing requirements and hospital procedures concerning “one case” privileges for visiting physicians. We affirm summary judgment for Cedars, based upon Nazzaro’s failure to present competent evidence of Cedar’s negligence or lack of compliance with laws regulating the practice of medicine in Florida.
Affirmed; remanded for further proceedings.

. At her deposition, the following exchange occurred between Nazzaro and counsel for Dr. Wolfe:
Q. Before the surgery, you had a conversation with Dr. Kawamoto?
A. Correct.
Q. Dr. Kawamoto advised you that Dr. Wolfe would not be taking part in the surgery, at all, isn’t that correct?
A. Correct.
[[Image here]]
Q. So that you knew before you underwent anesthesia and you know now that Dr. *144 Wolfe had nothing to do with the physical surgery?
A. Correct.
[[Image here]]
Q. Authorization For And Verification Of Consent For Surgery Or Special Diagnostic Or Therapeutic Procedures.
A. Yes.
Q. And you said that was your signature?
A. Yes.
Q. In two places?
A. Correct.

. Even if, as Nazzaro contended, Dr. Wolfe undertook some responsibility for her operation or post-operative care, we would nevertheless affirm. For reasons stated hereinafter, Nazzaro’s affidavits in opposition to summary judgment did not suffice to raise disputed issues of material fact on the question of negligence.