629 So.2d 198 (1993)
Eric L. BOLVES, et al., Appellants,
v.
Roy Lee HULLINGER, Appellee.
No. 93-375.
District Court of Appeal of Florida, Fifth District.
November 12, 1993.
Rehearing Denied January 5, 1994.
*199 Patrick M. Magill, Orlando, for appellants.
Carlos R. Diez-Arguelles, Orlando, for appellee.
GOSHORN, Judge.
Eric Bolves, Esquire, Ralph Leemis, Esquire, and the partnership of Leemis and Bolves appeal the final judgment rendered against them in the attorney malpractice action filed by Roy Hullinger. Hullinger successfully argued below that he had been damaged by appellants' failure to timely file a federal age discrimination suit against Hullinger's former employer, Ryder Truck Rental, Inc. We reverse.
Hullinger was terminated by Ryder in late April, 1983. Two months later Hullinger retained appellants to act on his behalf. Appellants filed an administrative complaint with the Florida Commission on Human Relations (FCHR) and an administrative complaint with the Federal Equal Employment Opportunity Commission (EEOC) asserting the alleged age discrimination. Appellants never filed a state or federal civil suit for age discrimination. The statute of limitations expired on a cause of action under the federal Age Discrimination in Employment Act while appellants represented Hullinger.
On November 26, 1986, appellants' employment was terminated by Hullinger. Hullinger hired substitute counsel in early January, 1987.
On January 16, 1987, FCHR issued a determination of "no cause," relating to its conclusion that there was no cause to find Hullinger had been discriminated against on the basis of age. That same date, substitute counsel filed a state civil suit against Ryder.[1] *200 The filing of the civil suit divested FCHR of jurisdiction to proceed further, and it accordingly dismissed Hullinger's administrative case. The federal EEOC file was likewise closed.
Thereafter, Hullinger's state civil suit against Ryder was dismissed based on a statute of limitations defense.[2] Two days after the trial court's dismissal of Hullinger's suit against Ryder, Hullinger filed a legal malpractice suit against appellants. Count I of the amended complaint asserts appellants negligently failed to file a federal court suit pursuant to the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. [ADEA], as amended, or inform Hullinger of his right to a federal cause of action. Hullinger alleged that as a result of appellants' negligence, his right to a federal cause of action, including double damages, was "curtailed." The jury agreed, specifically finding that Ryder had willfully discriminated against Hullinger and that appellants' negligence in failing to timely file suit damaged Hullinger.
A cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the client. Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973). To establish the third element, Hullinger had to prove that, but for appellants' negligence in failing to timely file the ADEA claim, he would have recovered liquidated damages in an ADEA suit.
Section 626(b) of the ADEA provides that liquidated damages[3] are payable only for willful violations of the chapter.
Where an employer makes a decision such as termination of an employee because of age, the employer will or should have known that the conduct violated the Act. Nonetheless, in order that the liquidated damages be based on evidence that does not merely duplicate that needed for the compensatory damages, there must be some additional evidence of outrageous conduct.
Dreyer v. Arco Chem. Co., 801 F.2d 651 (3d Cir.1986), cert. denied, 480 U.S. 906, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987). See also Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). We find that the evidence offered by Hullinger to demonstrate willfulness fell short as a matter of law.
The evidence Hullinger relied on to show the violation was willful was that (1) the decision to fire him was made quickly and (2) one of Hullinger's supervisors admitted the procedures in the personnel manual for termination were not followed, the personnel office was not contacted, and neither of Hullinger's supervisors considered the ADEA when terminating Hullinger.
The speed with which the decision was made was immaterial. The admission that Ryder's policy manual for termination was not consulted or followed likewise is immaterial. There was no evidence of what the manual contained or that it was even applicable to terminations for other than disciplinary *201 reasons. Contrary to Hullinger's assertion, Hullinger's supervisor testified that he had contacted the personnel department and that he was told there was no problem with terminating Hullinger because termination was not due to Hullinger's age. Presumably, the personnel department was aware of the ADEA because its advice was in accordance with ADEA provisions. The supervisors did not consider the ADEA because the issue of Hullinger's age never occurred to them.
It was unrebutted that the supervisors made a purely business decision necessitated by corporate reorganization. Reorganization of a business and the elimination of an older employee based on the employee's poor performance relative to younger peers is a non-discriminatory basis for discharge of the protected employee. Hanchey v. Energas Co., 925 F.2d 96 (5th Cir.1990); Connell v. Bank of Boston, 924 F.2d 1169 (1st Cir.), cert. denied, ___ U.S. ___, 111 S.Ct. 2828, 115 L.Ed.2d 997 (1991). There was a complete absence of evidence of intentional or reckless disregard for whether Ryder's actions were in violation of the ADEA.
Because Hullinger would not have been entitled to recover liquidated damages under a federal cause of action, Hullinger should not have been permitted to recover damages from appellants in the legal malpractice suit. Appellants' negligence in allowing the statute of limitations to expire on the federal claim did not result in damage to Hullinger. Accordingly, the final judgment in favor of Hullinger is reversed.
REVERSED.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] There is concurrent jurisdiction between the state and federal courts in age discrimination suits filed under the federal act. Chapman v. City of Detroit, 808 F.2d 459, 463 (6th Cir.1986) ("There can be no doubt that the state courts have concurrent jurisdiction with the federal courts under the ADEA"). Thus, the federal ADEA claim could have been pursued in state court had the claim been timely asserted.
[2] On appeal from the dismissal, this court upheld the trial court's conclusion that a two-year statute of limitations governs claims brought under section 760.10. Hullinger v. Ryder Truck Rental, Inc., 516 So.2d 1148 (Fla. 5th DCA 1987). The supreme court reversed this court's holding, finding instead that a four year statute of limitations applied. Hullinger v. Ryder Truck Rental, Inc., 548 So.2d 231 (Fla. 1989). Upon remand, Ryder and Hullinger settled the suit. For $65,000, Hullinger agreed to release Ryder. The release of Ryder did not act as a release of appellants. See Keramati v. Schackow, 553 So.2d 741 (Fla. 5th DCA 1989) (holding that clients were not barred by res judicata, collateral estoppel, or estoppel in pais from bringing legal malpractice action against attorneys who had represented them in earlier case, even though earlier case was settled and the clients had certified that the settlement was "full and just."). See also King v. Jones, 258 Or. 468, 483 P.2d 815 (1971) (holding that the client's release of an original tort-feasor after the statute of limitations has run does not bar the client's malpractice action against the attorneys responsible for letting the statute of limitations expire).
[3] Liquidated damages, if allowed, are in the amount equivalent to the compensatory damages awarded plaintiff for his lost earnings and benefits. The jury here found the amount of damages sustained by Hullinger for "lost earnings and benefits" to be $139,500.