PER CURIAM.
Ms. Nazzaro won a jury verdict in a legal malpractice action based on the defendant Liroffs alleged mishandling of the medical malpractice case we considered in Nazzaro v. Wolfe, 541 So.2d 143 (Fla. 3d DCA 1989), review denied, 551 So.2d 462 (Fla.1989). The trial judge then granted a new trial and the plaintiff has taken this appeal. We do not consider the propriety of the order granting a new trial because we find, on the cross-appeal, that Liroff was entitled to a directed verdict in his favor. In our view, the evidence — particularly the testimony of the plaintiffs legal expert whose conclusions were not supported by or were directly contrary to the established facts, see Rodriguez v. Pino, 634 So.2d 681 (Fla. 3d DCA 1994) and cases cited — was woefully insufficient to establish either that Liroff fell below the required standard of care or that any legal negligence was a cause of the loss of the underlying action. Gooding v. University Hosp. Bldg., Inc., 445 So.2d 1015 (Fla.1984); Bolves v. Hullinger, 629 So.2d 198 (Fla. 5th DCA 1993); Frazier v. Effman, 501 So.2d 114 (Fla. 4th DCA 1987); Greene v. Flewelling, 366 So.2d 777 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 99 (Fla.1979); Marcano v. Puhalovich, 362 So.2d 439 (Fla. 4th DCA 1978), dismissed, 365 So.2d 714 (Fla.1978); Salinetro v. Nystrom, 341 So.2d 1059 (Fla. 3d DCA 1977); Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973).
Accordingly, the cause is remanded with directions to enter judgment for the appel-lees.
Remanded with directions.