IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2004 Session

## DIANN PARNELL v. VICTOR L. IVY, PETER J. DAUSTER, HARDEE, MARTIN, JAYNES & IVY, P.A., C. WESLEY FOWLER AND GLANKLER BROWN, PLLC

Appeal from the Circuit Court for Madison County
No. C-02-65, Div. 1    Roy B. Morgan, Jr., Judge

------

### No. W2003-00023-COA-R3-CV

------

This is a legal malpractice case.  The client filed suit in federal court against a municipality for the death of her husband under the Governmental Tort Liability Act and U.S.C. § 1983.  The federal court dismissed the GTLA claim but retained the §1983 claims.  The client dismissed her attorneys, hired new counsel and filed the GTLA claim in state court.  The state court dismissed the GTLA claim because, while the GTLA claim was pending in federal court, the applicable statute of limitations expired.  The client sued her original attorneys for malpractice.  Shortly thereafter, the client settled the remaining § 1983 claims against the municipality.  The defendant attorneys filed a motion for summary judgment in the malpractice case, arguing that the settlement with the municipality on the §1983 claims mandated dismissal of the legal malpractice claim.  The trial court granted the summary judgment motion.  The client appealed.  We reverse, holding that the damages sought in the legal malpractice lawsuit are separate and distinct from the damages sought in the underlying lawsuit, and therefore settlement of the underlying lawsuit does not shield the former attorneys from liability.

#### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID G. HAYES, SP.J., joined.

Jeffrey P. Boyd, Jackson, for the appellant Diann Parnell.

Peter J. Dauster, Jackson, pro se and for the appellees Victor L. Ivy and Hardee, Martin, Jaynes & Ivy, P.A.

Glen G. Reid, Jr. and Jeffrey Fleishmann, Memphis, for the appellees C. Wesley Fowler and Glankler Brown, PLLC.

**OPINION**

On January 8, 2000, a City of Trenton police officer observed Joel Parnell ("Mr. Parnell") walking the streets of Trenton intoxicated. The police officer picked up Mr. Parnell and drove him to the city limits, where Mr. Parnell resumed walking in an intoxicated state. A motorist subsequently ran over and killed Mr. Parnell.

Mr. Parnell's wife, Plaintiff/Appellant Diann Parnell ("Mrs. Parnell"), retained as her attorneys the Defendants/Appellees Victor Ivy ("Ivy") and Peter Dauster ("Dauster") of the Defendant/Appellee law firm Hardee, Martin, Jaynes & Ivy, P.A. ("Hardee Martin")[1] to assert claims arising from Mr. Parnell's death against the City of Trenton and the City of Trenton Police Department (collectively, "the City of Trenton"). Hardee Martin then associated Defendant/Appellee C. Wesley Fowler ("Fowler"), an attorney at the Defendant/Appellee law firm Glankler Brown, PLLC ("Glankler Brown").[2]

On January 5, 2001, Mrs. Parnell's counsel filed a complaint in federal district court, alleging a claim against the City of Trenton under the Tennessee Governmental Tort Liability Act ("GTLA Claim"). Her counsel later filed two amended complaints, adding federal constitutional claims under § 1983 of the United States Code ("§ 1983 claims"). On February 22, 2001, the federal district court dismissed the GTLA claim, declining to exercise supplemental jurisdiction over the matter. The federal district court retained jurisdiction over the § 1983 claims. Meanwhile, the statute of limitations on the GTLA claim had expired several days after Hardee Martin and Glankler Brown originally filed the claim in federal court.

On April 6, 2001, defendant Fowler sent a letter to Mrs. Parnell, informing her that the federal district court had dismissed the GTLA claim and that the statute of limitations had run on her GTLA claim. He also advised her in writing that she had a potential legal malpractice claim.

In October 2001, defendant Fowler sent a letter to defendants Ivy and Dauster, opining that the § 1983 claims had little merit and that a pending motion for summary judgment filed by the City of Trenton would likely be granted. Fowler indicated that he believed if the GTLA claim were refiled in state court, it would likely be dismissed as well. On February 12, 2002, Fowler wrote Mrs. Parnell, telling her that if she wished to refile the GTLA claim, she would have to retain other counsel and file the claim by February 22, 2002, one year from the day the federal court originally dismissed the claim.

Mrs. Parnell obtained new counsel, who refiled the GTLA claim in state court on February 22, 2002. The GTLA suit sought identical damages to those sought in the federal § 1983 claims still pending in federal court. Because the statute of limitations on the GTLA claim had expired while

---

[1]Ivy, Dauster and Hardee Martin will be referred to collectively as "Hardee Martin."

[2]Fowler and Glankler Brown will be referred to collectively as "Glankler Brown."

it was pending in federal court, the state trial court dismissed the 2002 lawsuit. Mrs. Parnell then instituted the instant legal malpractice lawsuit against Hardee Martin and Glankler Brown for allowing the statute of limitations to run on her GTLA claim.

While the instant malpractice case was pending, Mrs. Parnell settled her § 1983 claims against the City of Trenton. Pursuant to the settlement agreement, for a settlement amount of $7,500, Mrs. Parnell executed a document fully releasing the City of Trenton from all claims arising out of Mr. Parnell's demise.[3]

Subsequently, in the legal malpractice lawsuit, Hardee Martin filed a motion for summary judgment. Hardee Martin noted that Mrs. Parnell sought the same damages in her § 1983 suit as she sought in the GTLA suit. They argued that because Mrs. Parnell obtained money for those damages by settling the § 1983 action, she was not damaged by their alleged malpractice. Hardee Martin argued further that Mrs. Parnell's settlement agreement absolved the attorneys of any liability for their alleged malpractice, because Mrs. Parnell's release of her claims against the City of Trenton precluded her from bringing the GTLA claim.

The trial court granted the motion, holding:

> Because she voluntarily settled with the City of Trenton Defendants, she cannot, as a matter of law, prove causation or damages with respect to the legal malpractice case. . . . [I]t is not the Defendants' alleged negligence which prevents [Mrs. Parnell] from recovering further against the City of Trenton Defendants; rather, it is her voluntary act of settling with them and executing a full and final release in their favor.

Thus, the trial court held that Mrs. Parnell's settlement agreement, rather than her attorneys' alleged malpractice, prevented her from recovering further from the City of Trenton, thereby negating her attorneys' negligence. The trial court reasoned, "Even if the Governmental Tort Liability Act claim were currently pending against the City of Trenton Defendants and was not barred by the statute of limitations, [Mrs. Parnell] could not recover against them in the face of the full and final release which she executed." The trial court reasoned further: "[Mrs. Parnell] has recovered for the alleged wrongful death of [Mr.] Parnell, and she may not recover twice for [Mr. Parnell]'s death. Regardless of which theory of recovery [Mrs. Parnell] advances, (Governmental Tort Liability Act, § 1983, or legal malpractice), the damages she could recover would be the same." Thus, the trial court found that Mrs. Parnell could prove neither causation nor damages. In the interest of judicial economy, the trial court extended the grant of summary judgment to Glankler Brown as well. From that order, Mrs. Parnell now appeals.

---

[3]Without citing to the record, Mrs. Parnell asserts that she reached the settlement agreement with the City of Trenton before the federal court ruled on the motion for summary judgment.

On appeal, Mrs. Parnell argues that permitting her to recover for Hardee Martin and Glankler Brown's alleged malpractice would not result in a double recovery because the damages in the malpractice lawsuit differ from the damages sought in the GTLA and § 1983 claims. Mrs. Parnell argues further that the settlement agreement releasing the City of Trenton from liability does not absolve Hardee Martin and Glanker Brown from liability, because the release was signed after Hardee Martin and Glankler Brown permitted the statute of limitations on the GTLA claim to run.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

To prevail in a legal malpractice action, a plaintiff must show that her attorney owed her a duty, that the attorney breached that duty, that the plaintiff suffered damages, and that the attorney was the factual and legal cause of the plaintiff's damages. *Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). The Tennessee Supreme Court has defined damages in the context of legal malpractice as "the loss of a legal right, remedy or interest." *See John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998) (defining "legally cognizable damage," the first element necessary to the tolling of the statute of limitations for legal malpractice cases).

The parties cite no Tennessee case addressing the issue presented by this fact situation, and we have found none. Decisions in other states, however, are clear. Though the amount of damages in a malpractice action are measured with reference to the damages sought in the underlying suit, the injuries suffered by a plaintiff in a legal malpractice suit are separate and distinct from those suffered in the underlying suit. For example, in *Titsworth v. Mondo*, 407 N.Y.S.2d 793 (N.Y. Sup. Ct. 1978), a tort claimant settled the underlying lawsuit, accepted the settlement payment, and then sued his attorney, seeking as damages the difference he claimed a jury would have awarded him, but for the attorney's malpractice. *Id.* at 794. On the plaintiff's personal injury claim, the attorney had filed a lawsuit seeking $100,000 in damages. *Id.* The plaintiff discharged the original attorney and hired another one. *Id.* The second attorney filed a motion to increase the ad damnum from $100,000 to $500,000; this was denied, apparently because of an action taken by the original attorney. *Id.* The plaintiff settled the underlying lawsuit for $90,000. *Id.* He then filed a legal malpractice lawsuit against the original attorney, alleging that the original attorney sued for an inadequate amount on the personal injury claim and then prevented the plaintiff's new attorney from increasing the ad damnum. *Id.* The defendant attorney argued that the settlement precluded the plaintiff from suing him for legal malpractice. *Id.* at 795. Quoting an earlier case, the court held:

> "Where the termination is by settlement rather than by a dismissal or
> adverse judgment, malpractice by the attorney is more difficult to

-4-

establish, but a cause of action can be made out if it is shown that assent by the client to the settlement was compelled because prior misfeasance or nonfeasance by the attorneys left no other recourse * * * [The] cause of action for legal malpractice must stand or fall on its own merits with no automatic waiver of a plaintiff's right to sue for malpractice merely because plaintiff had voluntarily agreed to enter into a stipulation of settlement."

*Id.* at 796 (quoting ***Becker v. Julien, Blitz & Schlesinger***, 406 N.Y.S.2d 412, 413-14 (N.Y. Sup. Ct. 1977)).

Likewise, in ***King v. Jones***, 483 P.2d 815 (Ore. 1971), the plaintiff hired a law firm to represent her in a personal injury claim against a car dealership and an unknown driver. *Id.* at 816. The plaintiff settled the case. *Id.* at 816-17. She then sued the attorney for malpractice, alleging that she would have received a much higher amount had the law firm not allowed the statute of limitations to run against the driver. *Id.* at 816. The law firm asserted that the settlement barred the plaintiff's malpractice claim. *Id.* at 816-17. The ***King*** court held:

> We conclude that plaintiff's release of [the driver] does not operate as a bar to plaintiff's claim for malpractice against the defendants. Plaintiff's claim against [the driver] for personal injuries and her claim against defendants for malpractice are separate and distinct claims. Her cause of action against defendants arose when they allowed the statute of limitations to run [on] her claim against [the driver]. Her subsequent release of [the driver] had no relationship to the cause of action she had acquired against the defendants.

*Id.* at 818.

In the case at bar, Mrs. Parnell contends that she would have received a much higher amount, either through settlement or trial, had the defendant attorneys not permitted the statute of limitations to run on her GTLA claim. Therefore, in the malpractice lawsuit, she must show that she would have received more than the $7,500 settlement but for the defendants' alleged malpractice, and her damages would be the difference. This is a genuine issue of fact. Although her damages in the malpractice lawsuit are measured with reference to the underlying claim, her malpractice claim is separate and distinct.

Likewise, Mrs. Parnell's release of the City of Trenton does not operate to release Hardee Martin and Glankler Brown. The record is clear that Mrs. Parnell and the City of Trenton entered into the settlement agreement after the statute of limitations on the GTLA claim had run and the claim had been dismissed. As noted above, her claim against the attorneys is separate and distinct, and not encompassed by the settlement agreement. Under these circumstances, we must conclude

that the trial court erred in granting summary judgment in favor of Hardee Martin and Glankler Brown.

The decision of the trial court is reversed. Costs of this appeal are taxed against Defendants/Appellees Victor L. Ivy, Peter J. Dauster, Hardee, Martin, Jaynes & Ivy, P.A., C. Wesley Fowler and Glankler Brown PLLC, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE